UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA


UNITED STATES OF AMERICA,
                    PLAINTIFF


vs                                        CASE NO. 4 21-CR-40164-3


SHAUNNA LYNN DANIELS,
                    DEFENDANT


MOTION TO MODIFY SENTENCE PURSUANT TO 18 U.S.C. 3582(C)(2)
AND USSG AMENDMENT 821


    COMES NOW, DEFENDANT, PRO SE, SHAUNNA LYNN DANIELS, pursuant to 18 U.S.C. 3582(c)(2) and United States Sentencing Guideline Amendment 821 hereby motions this court to modify the sentence previously imposed upon the defendant.


## BACKGROUND

Defendant SHAUNNA LYNN DANIELS was convicted and sentenced for violating federal drug laws. She wa sentenced to 120-months imprisonment, to be followed by 5 years of supervised release. She is housed at the Federal Prison Camp in Pekin, Illinois.

LEGAL ARGUMENT

Defendant DANIELS makes claim that she is eligible for relief pursuant to 18 USC 3582(c)(2) and USSG Amendment 821. She makes this claim because the U.S. Sentencing Commission held public comment in July and August of 2023. This public forum allowed the Chairman, Judge Carlton Reeves, a chance to explain the new Amendment, as well as give the public a chance to "weigh-in" on retroactivity of the new Amendment. The public gave overwhelming testimony, stating that they would vote for retroactivity, because their tax dollars are funding incarceration at a high rate. The Chairman, stated, "it costs $44,000.00 dollars to house one inmate in prison, but it costs $4,000.00 to sentence a "first-time, non-violent offender to home confinement or other correction services. He stated that he would much rather see his tax dollars go to a lower rate with community corrective services. This statement opened the door for the public to agree on retroactivity of Amendment 821, thus the Amendment goes into effect in February of 2024.

Defendant DANIELS was assessed a base offense level of 32, Two-levels were added for possession of a dangerous weapon. Defendant DANIELS was convicted of 18 U.S.C. 1956, therefore a 2-level increase was added. The total base offense level was 36. She was afforded a three level decrease for her acceptance of responsibility. The total offense level was 33. She has no criminal history. She is one of the offenders that the Chairman of the U.S. Sentencing Commission spoke of at the public forums. Offenders that have no criminal history, should not have been incarcerated. They could better be served by being placed on a community corrective program or home confinement. This would greatly reduce the prison population, and cut costs that the prison system is barely able to keep its head above water. DANIELS would be a perfect candidate for AMENDMENT 821.

In the Supreme Court decision U.S. v. Pepper, 131 S. ct 1229(2011), the High Court held that evidence of post sentencing rehabilitation may be highly relevant to several of the 18 USC 3553(a) factors that Congress has expressly instructed District Courts to consider at sentencing. For example, evidence placed on post sentencing rehabilitation may be plainly relevant to the history and characteristics of the defendant. 18 U.S.C. 3553(a)(1). Such evidence may also be pertinent to the need for the sentence imposed to serve the general purposes of sentencing set forth in 3553(a)(2)---in particular, to afford adequate deterrance to criminal conduct, protect the public from further crimes of the defendant, amd provide the defendant with needed educational and vocational treatment training or other correctional programs in the most effective manner. 18 USC 3553(a)(2).(B)(D). In assessing deterrance, protection of the public, and rehabilitation, 18 USC 3553(a)(2)(B),(C),&(D), there would be no better evidence than a defendant's post-incarceration conduct. Post-sentencing rehabilitation may also critically inform a sentencing judge's over reaching duty under 3553(a) to impose a sentence sufficient, but not greater than necessary, to comply with the sentencing purposes set forth in 3553(a)(2).

In the short period of time that Defendant DANIELS has been incarcerated, she has taken the iniative to attend "Evidence-Based Recidivism Reduction Programming(EBRR)" and participate in these classes. She has made great strides in setting out a plan to make a better plan for her life. These classes will give her the life skills that she needs in order to be a productive citizen in her community. She is assigned a work detail in the food service department. She is responsible for being on time, adhering to a schedule, preparing food items, according to temperature and storage, as well as serving the tray line. All of these areas require the responsibility of DANIELS, as well as her being on time for her preparation. She recieves rave reviews from her supervisors. This is a quality that she can take back to her community, secure employment, and be productive.

## CONCLUSION

Defendant SHAUNNA LYNN DANIELS prays that this Honorable Court will modify her sentence pursuant to 18 USC 3582(c)(2) and USSG Amendment 821.

Respectfully Submitted,

SHAUNNA LYNN DANIELS

## CERTIFICATE OF SERVICE

I SHAUNNA LYNN DANIELS hereby declare under penalty of perjury, that the foregoing motion is true and correct. This motion is to be delivered to the U.S. District Court, District of South Dakota, Clerk of the Court, by the U.S. Postal Service.

Date  February 1, 2024.

SHAUNNA LYNN DANIELS

⇔78137-509⇔
Shaunna Daniels
#78137-509
Federal Prison Camp
PO Box 5000
Pekin, IL 61555-5000
United States

PEORIA IL 616

22 JAN 2024  PM 2 T



⇔78137-509⇔
Federal Courthouse
Clerk of Court
400 S Phillips AVE
Room 128
Sioux Falls, SD 57104-6851
United States

57104‑6851

X-RAYED BY
SOUTH DAKOTA
CSO