| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHAUNNA LYNN DANIELS,<br><br>Defendant. | 4:21-CR-40164-KES<br><br>GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR SENTENCING REDUCTION |

## INTRODUCTION

Shaunna Daniels was convicted of Conspiracy to Distribute a Controlled Substance and Conspiracy to Launder Monetary Instruments. Docket 277. She was sentenced on January 23, 2023, to 120 months' total imprisonment. Docket 277 at 2. She is serving her sentence at FCI Pekin, with a projected release date of October 14, 2026. *See* www.bop.gov/inmateloc (register number 78137-509).

Daniels's Guidelines range, based on a total offense level of 33 and a Criminal History Category of I, was 135-168 months' custody, and a mandatory minimum sentence of 120 months' custody applied to her offense. Presentence Investigation Report (PSR) ¶¶ 139, 140; Docket 289-1 (Statement of Reasons—SOR) at 1 ¶¶ II.A, III. She received no "status points" for committing the instant offense while under a criminal justice sentence. *See generally* PSR.

On February 12, 2024, Daniels filed a motion requesting a sentence reduction based on "18 USC 3582(c)(2) and USSG Amendment 821." Docket 319 at 1-2. Because she does not explicitly state the amendment under which she seeks relief, the United States will analyze her motion under both new amendment provisions.

## DISCUSSION

In *Dillon v. United States*, 560 U.S. 817 (2010), the Supreme Court addressed the process for application of a retroactive guideline amendment, emphasizing that U.S.S.G. § 1B1.10 is binding. The Court declared: "Any reduction must be consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at 821. The Court required district courts to follow a two-step approach. In the first step, a court must determine the inmate's eligibility for a modification and then determine the amended Guidelines range. *Ibid.* At step two, § 3582(c)(2) instructs courts to consider applicable § 3553 factors to determine whether the authorized reduction is warranted in whole or in part under the specific circumstances of the case. *Id.* at 827. The Court also observed:

> Consistent with the limited nature of § 3582(c)(2) proceedings, § 1B1.10(b)(2) also confines the extent of the reduction authorized. Courts generally may "not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range" produced by the substitution.

*Id.* at 821 (quoting U.S.S.G. § 1B1.10(b)(2)(A)).

In Part A to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in Section 4A1.1(e). The amended provision states:

> Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

Thus, a person who otherwise presents 7 criminal history points or more now receives 1 additional "status" criminal history point, instead of 2, while a person who otherwise presents 6 criminal history points or fewer receives no status points.

In Part B, Subpart 1 to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission added what now appears in Section 4A1.1(c), providing a 2-offense-level reduction for many offenders who present zero criminal history points. The new provision states:

§ 4C1.1. Adjustment for Certain Zero-Point Offenders

(a) ADJUSTMENT.—If the defendant meets all of the following criteria:
(1) the defendant did not receive any criminal history points from Chapter Four, Part A;
(2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
(3) the defendant did not use violence or credible threats of violence in connection with the offense;
(4) the offense did not result in death or serious bodily injury;
(5) the instant offense of conviction is not a sex offense;
(6) the defendant did not personally cause substantial financial hardship;
(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
(8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
(9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
(10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848;
decrease the offense level determined under Chapters Two and Three by 2 levels.

On August 24, 2023, the Commission directed that the changes to the Guidelines apply retroactively.

For Daniels, however, these changes make no difference because her PSR reveals that she did not receive any "status points," and her criminal history category (I) would not be altered based on the foregoing provision in § 4A1.1(e). She was not eligible for a reduction in "status points" because no "status points" were used to calculate her criminal history category. Thus, this amendment does not alter her Guidelines range.

Daniels fails to meet the criteria for zero-point offenders, as outlined in U.S.S.G. § 4C1.1(a). As is stated plainly, eligibility at criterion 7 requires that a defendant did not possess, receive, or otherwise use a firearm in connection with the offense. Daniels received a two-level enhancement for firearm possession, because "[e]vidence indicated the defendant physically possessed firearms and ultimately gave them" to another individual, "who later traded them for marijuana." PSR ¶¶ 90, 94. As a result, Daniels is ineligible under the plain language of U.S.S.G. 4C1.1(a).

## CONCLUSION

For the foregoing reasons, Daniels's motion for a sentence reduction should be denied.

4

Dated and electronically filed March 11, 2024.

<div style="margin-left:50%">

ALISON J. RAMSDELL
United States Attorney

*/s/ Eric Kelderman*

_____

ERIC KELDERMAN
Assistant United States Attorney
515 9th Street, Room 201
Rapid City, SD 57701
Telephone: (605) 342-7822
E-mail: eric.kelderman@usdoj.gov

</div>

## CERTIFICATE OF SERVICE

The undersigned hereby certifies on March 11, 2024, a true and correct copy of the foregoing was served upon the defendant by placing the same in U.S. first-class mail, postage prepaid, and addressed as follows:

Shaunna Daniels
Fed. No. 78137-509
FCI Pekin
P.O. Box 5000
Pekin, IL 61555

<div style="margin-left:50%">

*/s/ Eric Kelderman*

_____

ERIC KELDERMAN
Assistant United States Attorney

</div>